# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TABITHA FARONEA,<br><br>  Plaintiff,<br><br>v.<br><br>ALCOEUR GARDENS AT TOMS RIVER, LLC.<br><br>  Defendant. | Civil Action No.: 17-cv-11732 (PGS)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter is before the Court on a motion for remand brought by Plaintiff. [ECF No. 4].

I.

Plaintiff, Tabitha Faronea, filed this action against Defendant Alcoeur Gardens at Toms River, LLC ("Alcoeur"), on October 5, 2017 in the New Jersey Superior Court, Law Division, Ocean County. (ECF No. 1-6). Defendant was served on October 24, 2017. Defendant filed a notice of Removal on November 16, 2017 based on original jurisdiction under 28 U.S.C. 1331, arguing that the action arises under the Family and Medical Leave Act of 1983, 29 U.S.C. 2601, et seq. based on the allegations as pled on the face of the Complaint (ECF No.1). On November 22, 2017, Plaintiff filed a motion to remand the matter to state court, arguing that removal was improper because the causes of action in the Complaint arise solely from state law. Plaintiff brings the following counts in her Complaint:

> Count I: Violation of New Jersey's Law against Discrimination, N.J.S.A. 10-5-1, Et seq.
> Count II: Violation of NJFLA, N.J.S.A. 34:11B1, et seq.

In brief, Plaintiff was hired as a full-time Certified Home Health Aide ("CHHA") at Alcoeur and worked there for five years until she was terminated in October 2016. (Compl., ¶4).

1

While employed, Plaintiff became pregnant and communicated it to her employer. Her maternity leave was approved to begin on July 30, 2016 and end on November 2, 2016. This was her second child during her employment at Alcoeur. (Compl., ¶5; ¶7). On October 18, 2016, Plaintiff contacted Alcoeur and notified them that she wished to extend her leave and that she would be applying for an extension through both the FMLA and the NJFLA and that her expected return date would be in January 2017. (Id., ¶8). On November 2, 2016, Plaintiff applied for extended leave under FMLA and was deemed eligible. (Id., ¶9). ). Plaintiff subsequently received two letters from Defendant on November 4, 2016. The first letter, dated October 18, 2016 stated that "due to you[r] phone call today letting us know you won't be returning to work your [insurance coverage]will be terminated." (Compl. 10). The second letter dated October 28, 2016, indicated that her health insurance was being terminated effective October 18, 2016 and addressed Plaintiff's right to elect continuing insurance coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). On the form, under reasons for the claimant's right to seek COBRA, the checkbox "End of employment" was already marked. (Id.). After receiving the letters on November 4, 2016, Plaintiff contacted Defendant and was reassured by Ms. Massa that she was not being terminated and was still employed. (Id., ¶11). On November 7, 2016, Plaintiff followed up again regarding her employment status. She spoke with Ms. Massa again, who informed her that she was not on the renewal list for insurance because she was no longer an employee identified on the "employee list." (Id., ¶13). It was ultimately confirmed that Plaintiff was terminated. (Id. ¶14).

II.

An action that has been removed to federal court can be remanded to state court, pursuant to 28 U.S.C. § 1447(c), if the removal procedure was defective. Section 1447(c) states, in relevant

part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Moreover, under Section 1446(a), when a defendant seeks to remove a civil action from State court, he or she must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." According to the Third Circuit, the "party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Consequently, on a motion to remand, the burden of demonstrating a proper basis for removal remains with the removing party. *See Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998) ("When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal."). A defendant may remove a claim from a state court to federal district court if the district court has original jurisdiction. *See* 28 U.S.C. 1441(a). "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### III.

Plaintiff's motion to remand is timely. Plaintiff contends that removal was improper because the cause of action arises purely out of state law claims, as evident on the face of the Complaint.

Despite Plaintiff's contention, Defendant points to certain sections of the Complaint which it contends places FMLA at issue. For example, paragraphs 8 and 16 of the Complaint refer to the FMLA. They read respectively:

3

> On October 18, 2016, Plaintiff contacted Alcoeur and notified them that she wished to extent her leave to care for her newborn child that she would be applying for same though both the Family and Medical Leave Act of 1983 ("FMLA") and the New Jersey Family Leave Act ("NJFLA") . . .
>
> Based on the foregoing, it is clear that Plaintiff was discriminated against and terminated solely as a result of her pregnancy and for seeking to rely on her rights under the FMLA and NJFLA.

At oral argument, Plaintiff clarified that paragraphs 8 and 16 are simply factual recitations[1].

"To determine whether a case 'arises under' federal law, a court must look to the allegations of the plaintiff's 'well-pleaded complaint'. . . As generally interpreted, '[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'". . . *United Jersey Banks v. Parell*, 783 F.2d 360, 365, (3d Cir. 1986) (internal citations omitted). A plaintiff, as the master of the complaint, though asserting facts that may invoke either federal or state jurisdiction, may avoid federal jurisdiction by exclusive reliance on state law." *Gateway 2000 v. Cyrix Corp.*, 942 F. Supp. 985, 990 (D.N.J. 1996). However, in limited circumstances, a Defendant may remove a case despite the complaint's reliance upon state law. *Id.* There are "two situations where Federal jurisdiction could be available even though plaintiff based its claim in state court on state law: (1) when it appears that some substantial, disputed question of Federal law is a necessary element of one of the well pleaded state claims or (2) when it appears that plaintiff's claim is 'really' one of Federal law" *Id.* (citation omitted). Neither one applies to this matter.

---

[1] In paragraph 27, there is a reference to an acronym "FLA." Plaintiff argues that it was a typographical error, but it is a reference to the NJFLA, not the FMLA. Also at oral argument, Plaintiff counsel confirmed that she does not intend to pursue a claim under the FMLA, and was willing to amend the Complaint so that there is no reference to FMLA.

4

Plaintiff's Complaint alleges only state law claims. Although the FMLA is mentioned, Plaintiff, chose to rely solely on state law and seek relief on the basis of state law. The decision to file in state court further manifests her intention not to invoke federal law. Granting federal-question jurisdiction over Plaintiff's state-law claims without an accompanying federal cause of action would be improper. At oral argument Plaintiff clarified that she has no intention to rely on federal law, nor to assert a federal claim. Thus, based on the allegations set forth in the Complaint, this court lacks subject matter jurisdiction over this matter.

IV.

Plaintiff contends that Defendant should be required to pay costs, including attorney's fees, for improperly removing this matter to federal court. (Pl. Br. pg. 6).

Pursuant to 28 U.S.C. §1447 "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Fees are generally proper if the removing party "lacked an objectively reasonable basis for seeking removal." *Chang v. Bank of N.Y. Mellon Corp.*, 2017 U.S. Dist. LEXIS 213782, *5 (Dec. 28, 2017) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Here, Defendant's removal does not appear to be frivolous or without reasonable basis, especially where there were references to FMLA in the Complaint; therefore the request for fees is denied.

ORDER

This matter having come before the Court on a motion for remand this matter to state court, brought by Plaintiff [ECF No. 4]; and the Court having considered the briefs and oral arguments of the parties; and for good cause having been shown;

IT IS on this 31st day of January, 2018;

ORDERED that Plaintiff's motion for remand [ECF No. 4] is GRANTED; It is further,

ORDERED that Plaintiff's request for attorney's fees and costs is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.